IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SAHIB QUIETMAN HENDERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-07-1174-W |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff – a state prisoner proceeding pro se and having paid the required filing fee in full – is before this court asserting a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Pursuant to 28 U.S.C. § 1915A(a), the court is under an obligation to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity. It is the responsibility of the court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted or seeks relief from an immune defendant. 28 U.S.C. § 1915A(b).

Here, Plaintiff has named Joe Enos as one of four Defendants in his lawsuit.[1] Plaintiff's complaint identifies Defendant Enos as the "Chief Court Administrator for Stephen's County District Court," [Doc. No. 1, p. 16], and alleges that Defendant Enos is "responsible" for the actions of the court clerk, the district attorney and "other

---

[1] Plaintiff has filed a motion seeking to name Joe Enos in the caption of his complaint in lieu of Stephens County, thereby conforming the caption of the complaint to the allegations therein [Doc. No. 10]. The undersigned has granted Plaintiff's motion by separate order.

unnamed officials" in withholding favorable evidence, in denying access to courts, in withholding pre-trial motions and jury instructions and in hindering Plaintiff's ability to establish the ineffective assistance of his counsel.[2]  *Id.*

Plaintiff's complaint includes a copy[3] of an Order of Summary Disposition, entered on June 15, 2007, by Joe H. Enos, District Judge, Stephens County, Oklahoma, where Defendant Enos addresses Plaintiff's request for jury instructions and pre-trial motions [Doc. No. 1, Attachment].  With respect to all judicial acts, Defendant Enos enjoys absolute judicial immunity from suit, *Mireles v. Waco,* 502 U.S. 9 (1991) (per curium); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  A judge is not deprived of immunity because he commits an error, acts maliciously, or even acts without judicial authority, *id.* at 356, and the immunity prevails even if the judicial acts are "flawed by the commission of grave procedural errors." *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000) (citation omitted).  A judge only loses immunity when he acts in the complete absence of jurisdiction, *id.,* or where the acts were not taken in the judge's judicial capacity, *see Mireles,* 502 U.S. at 11-12.  As to Plaintiff's claim that Defendant Enos was "responsible" for acts allegedly committed by the court clerk and the district attorney, "[t]he law is clear that liability under 42 U.S.C. § 1983 may not be premised on

---

[2]Plaintiff has also filed what he labels a Motion for Proofing and Admission of Evidence" [Doc. No. 11] in which he makes additional allegations regarding Defendant Enos.  Following review and liberal construction of that motion, the undersigned has determined that it contains no allegations which bear on Defendant Enos' absolute judicial immunity and by separate order, such motion has been denied as failing to conform to any rule of pleading or practice recognized by the Federal Rules of Civil Procedure.

[3]"A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  Rule 10 (c), Fed. R. Civ. P.

the doctrine of respondeat superior." *Henriksen v. Bentley,* 644 F.2d 852, 854 (10th Cir. 1981) (citations omitted).

Defendant Enos enjoys absolute judicial immunity from Plaintiff's claims against him and is not otherwise answerable for any alleged responsibility for the actions of others. Accordingly, the dismissal on filing of such claims against Defendant Enos is recommended.

### **RECOMMENDATION AND RIGHT TO OBJECT**

For these reasons, it is recommended that Plaintiff's claims against Defendant Enos be dismissed pursuant to 28 U.S.C. § 1915A (b)(2). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 10th day of December, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1(a). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation only partially disposes of the issues referred to the undersigned Magistrate Judge.

IT IS SO ORDERED this 19th day of November, 2007.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE