IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAHIB QUIETMAN HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-07-1174-W |
| ) | |
| JUSTIN JONES et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On November 19, 2007, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended pursuant to title 28, section 1915A(b)(2) of the United States Code that the claims alleged by plaintiff Sahib Quietman Henderson under title 42, section 1983 of the United States Code against defendant Joe Enos be dismissed because Enos is absolutely immune from suit for monetary relief. Henderson was advised of his right to object, and this matter comes before the Court on Henderson's Objection to the Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge Roberts' suggested disposition of Henderson's claims as now asserted against this defendant. Enos is the District Judge for Stephens County, Oklahoma; Henderson has also identified him as the Chief Court Administrator for the District Court for Stephens County, Oklahoma.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435

U.S. 349, 356-57 (1978)(citation and footnote omitted). After examining Judge Enos' conduct about which Henderson has complained, the Court finds that Henderson's accusations fail to establish that Judge Enos was not acting in his judicial capacity at all times relevant to this lawsuit or that he was acting in the complete absence of jurisdiction. Accordingly, Judge Enos is entitled to absolute judicial immunity from suit for monetary relief.

Although Henderson has attempted to label Judge Enos' actions as ministerial or administrative and therefore nonjudicial, the Court finds upon consideration of the nature of the challenged actions that they qualify as judicial functions. E.g., id. at 362 (act is judicial if a function normally performed by a judge and parties dealt with judge in his judicial capacity). Thus, Judge Enos' actions fall within the class of acts entitled to immunity.

Furthermore, to the extent Henderson has attempted to hold Judge Enos liable for the acts of others, including court clerks and the district attorney, the Court finds that Judge Enos is entitled to dismissal because "[t]he law is clear that liability under . . . [section] 1983 may not be premised on the doctrine of respondeat superior." Henriksen v. Bentley, 644 F.2d 852, 854 (10th Cir. 1981)(citations omitted).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation issued on November 19, 2007;

(2) DISMISSES all claims as now asserted by Henderson against Judge Enos; and

(3) RE-REFERS this matter to Magistrate Judge Roberts for further proceedings, including consideration of

    (a) Henderson's Motion to Withdraw Exhibit (Exhibit 20–Order of Summary

Deposition) [Doc. 23]¹ filed on December 12, 2007;

(b) Henderson's Motion to Amend/Clarify Cause of Action [Doc. 23] filed on December 12, 2007;

(c) Henderson's Motion for Leave of Court to Amend Cause of Action of Complaint as to Defendant No. 4, Joe Enos [Doc. 24] filed on December 12, 2007;

(d) Henderson's Motion to Amend [Doc. 25]; and

(e) Henderson's Motion to Amend (Defendant No. 5 George Lindley) and Motion to Correct/Clarify Cause of Action [Doc. 26] filed on December 17, 2007.

ENTERED this 27th day of December, 2007.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

¹Based upon the current record, such motion is arguably moot in light of Judge Enos' dismissal from this lawsuit. Should circumstances change and based upon review of his pending requests to amend, should Henderson be permitted to amend his allegations, a ruling on this particular motion may be necessary.

3