IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAHIB QUIETMAN HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-1174-W |
| ) | |
| JUSTIN JONES, et al., ) | |
| ) | |
| Defendants. ) | |

## SECOND REPORT AND RECOMMENDATION

By order of December 27, 2007, this court adopted the undersigned's recommended dismissal [Doc. No. 15] of Plaintiff's claims – as then asserted – against Defendant Joe Enos on the grounds of absolute immunity [Doc. No. 28]. Motions filed by Plaintiff subsequent to the undersigned's recommendation – motions seeking to amend or otherwise impact his claims against Judge Joe Enos [Doc. Nos. 23, 24 and 25], a motion seeking to add Judge George Lindley as a Defendant[1] [Doc. No. 26] and, a motion to withdraw an exhibit to Plaintiff's complaint [Doc. No. 23] – were referred back to the undersigned for recommended disposition [Doc. No. 28]. For the following reasons, it is recommended that Plaintiff's motions to amend his claims against Judge Enos [Doc. Nos. 23, 24 and 25] be denied, that Plaintiff's motion to amend his complaint to add Judge Lindley as Defendant [Doc. No. 26] be denied, and that Plaintiff's Motion to Withdraw Exhibit [Doc. No. 23] be granted.

In an effort to defeat the absolute judicial immunity to which this court has found

---

[1] In his motions to amend his claims against Judge Joe Enos and to add Judge George Lindley as a Defendant, Plaintiff now maintains that George Lindley was a Stephens County District Judge who also presided over matters pertaining to Plaintiff [Doc. No. 25, p. 2; Doc. No. 26]; Judge Enos allegedly succeeded Judge Lindley and joined Judge Lindley's conspiracy to deny Plaintiff's rights [Doc. No. 25, p.2].

Judge Enos entitled, Plaintiff, in addition to making wholly non-specific requests for equitable relief, has added certain allegations through his various motions to amend. By his motion in Doc. No. 23, Plaintiff now claims that Judge Enos failed in his statutory duty to require the court clerk and members of district attorney's office to perform certain functions [Doc. No. 23, pp. 2 - 4]. This is in contrast to Plaintiff's initial claim – rejected by the court [Doc. No. 28, p. 2] – that Judge Enos was responsible for the actions of these individuals under the theory of respondeat superior. If, however, Judge Enos had a statutory duty as district court judge to require certain conduct from county officials, he would necessarily enjoy absolute judicial immunity from suit for his alleged wrongdoing in carrying out this function. *Id.*

In Doc. No. 24, Plaintiff complains that Judge Enos presided at a post-conviction hearing where his own testimony was material, *id.* at 1, thus depriving Judge Enos of jurisdiction and, consequently, of judicial immunity. *Id.* at 4. *See* Okla. Stat. tit. 22, § 1084.[2] Plaintiff relies on the decision in *Schorle v. City of Greenhills*, 524 F.Supp. 821 (D.C. Ohio, 1981) which denied judicial immunity to a mayor who failed to transfer a defendant's case from a court of limited jurisdiction – Mayor's Court – to a court of

---

[2]In connection with an evidentiary hearing on an application for post-conviction relief, Oklahoma law provides that

> If the application cannot be disposed of on the pleadings and record, or there exists a material issue of fact, the court shall conduct an evidentiary hearing at which time a record shall be made and preserved. The court may receive proof by affidavits, depositions, oral testimony, or other evidence and may order the applicant brought before it for the hearing. A judge should not preside at such a hearing if his testimony is material. The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented. This order is a final judgment.

Okla. Stat. tit. 22, § 1084.

2

record where the defendant had a right to jury trial. Here, by contrast, even if Judge Enos presided over an evidentiary hearing in which his testimony was material and in which he should have disqualified himself, Plaintiff cannot establish that Judge Enos, as a district judge, lacked the power and authority – the jurisdiction – to conduct such a hearing.

As previously discussed, *see* n. 1, Plaintiff's Doc. No. 25 appears to add allegations of conspiracy against Judge Enos with regard to his alleged breach of duty as to the court clerk and the district attorney's office and as to the allegation that he improperly presided over an evidentiary hearing. Judge Enos enjoys absolute immunity as to such claims. *See Raiser v. Kono*, 245 Fed. Appx. 732, 735 (10th Cir. July 5, 2007). Accordingly, with respect to this and Plaintiff's other motions to amend his claims against Judge Enos [Doc. Nos. 23, 24 and 25], the amendments Plaintiff seeks to make would not alter Judge Enos' entitlement to judicial immunity, and it is recommended that such motions be denied. *See Huxall v. First State Bank*, 842 F.2d 249, 250 n. 2 (10th Cir. 1988)(denial of motion for leave to amend complaint is proper where amendment would be futile).

In seeking to amend to add Judge Lindley as a Defendant, Plaintiff makes essentially the same allegations as originally asserted against Judge Enos and as recast through Plaintiff's motions to amend those claims [Doc. No. 26]. It is recommended that Plaintiff's motion to name Judge Lindley as a Defendant be denied for the reasons stated in the undersigned's initial Report and Recommendation [Doc. No. 15], for the reasons stated in the court's order adopting such report [Doc. No. 28], and for the additional reasons set out herein.

With respect to Plaintiff's request to withdraw [Doc. No. 23] an exhibit to his complaint – an attachment titled "Order of Summary Disposition" – it is recommended that such request be granted.

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, it is recommended that Plaintiff's motions to amend his claims against Judge Joe Enos [Doc. Nos. 23, 24 and 25] be denied, that Plaintiff's motion to amend his complaint to add Judge George Lindley as Defendant [Doc. No. 26] be denied, and that Plaintiff's motion to withdraw [Doc. No. 23] the "Order of Summary Disposition" [Doc. No. 1, Attachment 2] as an exhibit to his complaint be granted. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 11th day of February, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1(a). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation only partially disposes of the issues referred to the undersigned Magistrate Judge.

IT IS SO ORDERED this 22 day of January, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

4