IN THE UNITED STATES DISTRICT COURT FOR

**FILED**

THE WESTERN DISTRICT OF OKLAHOMA

FEB 2 0 2008

| | |
|---|---|
| SAHIB QUIETMAN HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JUSTIN JONES et al., | ) |
| | ) |
| Defendants. | ) |

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _W.H._ DEPUTY

No. CIV-07-1174-W

## **ORDER**

On November 19, 2007, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended pursuant to title 28, section 1915A(b)(2) of the United States Code that the claims alleged by plaintiff Sahib Quietman Henderson under title 42, section 1983 of the United States Code against defendant Joe Enos be dismissed. Henderson was advised of his right to object, and the matter came before the Court on Henderson's Objection to the Report and Recommendation.

Upon de novo review of the record, the Court concurred with Magistrate Judge Roberts' suggested disposition of Henderson's claims asserted against Enos, identified by Henderson as a District Judge for Stephens County, Oklahoma, and the Chief Court Administrator for the District Court for Stephens County, Oklahoma.

In its Order dated December 27, 2007, the Court noted that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)(citation and footnote omitted). After examining Judge Enos' conduct about which

Henderson had complained, the Court found that Henderson's accusations failed to establish that Judge Enos was not acting in his judicial capacity at all times relevant to this lawsuit or that he was acting in the complete absence of jurisdiction. Accordingly, the Court determined that Judge Enos was entitled to absolute judicial immunity from suit for monetary relief.

The Court further found that although Henderson had attempted to label Judge Enos' actions as ministerial or administrative and therefore nonjudicial, upon consideration of the nature of the challenged actions that they qualified as judicial functions. E.g., id. at 362 (act is judicial if a function normally performed by a judge and parties dealt with judge in his judicial capacity). Thus, the Court concluded that Judge Enos' actions fell within the class of acts entitled to immunity.

Finally, the Court found on December 27, 2007, that to the extent Henderson had attempted to hold Judge Enos liable for the acts of others, including court clerks and the district attorney, that Judge Enos was entitled to dismissal because "[t]he law is clear that liability under . . . [section] 1983 may not be premised on the doctrine of respondeat superior." Henriksen v. Bentley, 644 F.2d 852, 854 (10th Cir. 1981)(citations omitted).

Accordingly, the Court adopted the Report and Recommendation issued on November 19, 2007, dismissed all claims asserted by Henderson against Judge Enos and re-referred the matter to Magistrate Judge Roberts for further proceedings, including consideration of inter alia Henderson's Motion to Amend/Clarify Cause of Action [Doc. 23], Motion for Leave of Court to Amend Cause of Action of Complaint as to Defendant No. 4, Joe Enos [Doc. 24], Motion to Amend [Doc. 25], and Henderson's Motion to Amend (Defendant No. 5 George Lindley) and Motion to Correct/Clarify Cause of Action [Doc. 26].

2

On January 22, 2008, Magistrate Judge Roberts issued a Second Report and Recommendation and recommended that Henderson be denied leave to amend his claims against Judge Enos and likewise be denied leave to join as a party defendant, George Lindley. Henderson was advised of his right to object, and the matter now comes before the Court on Henderson's Motion Seeking Reconsideration and his Objection to the Second Report and Recommendation.

Upon de novo review of the record, the Court finds Henderson is not entitled to the relief he has requested. The amended allegations, including those concerning an alleged conspiracy, that Henderson has proposed do not require reconsideration of the Court's Order dated December 27, 2007, or overcome Judge Enos' entitlement to judicial immunity. Furthermore, upon review of the proposed allegations against Lindley, described by Henderson as also a District Judge for Stephens County, Oklahoma, and Judge Enos' predecessor, and after consideration of Judge Lindley's actions about which Henderson has complained, the Court finds that Judge Lindley would likewise be shielded by the same judicial immunity and that his actions fall within the class of acts entitled to immunity. Therefore, the Court finds that it would be futile to give Henderson the opportunity to join Judge Lindley as a party defendant.

Accordingly, the Court

(1) ADOPTS the Second Report and Recommendation issued on January 22, 2008;

(2) DENIES Henderson's Motion Seeking Reconsideration [Doc. 38] as well as (a) his Motion to Amend/Clarify Cause of Action [Doc. 23], (b) his Motion for Leave of Court to Amend Cause of Action of Complaint as to Defendant No. 4, Joe Enos [Doc. 24], (c) his Motion to Amend [Doc. 25] and (d) his Motion to Amend (Defendant No. 5 George Lindley)

3

and Motion to Correct/Clarify Cause of Action [Doc. 26]; and

(3) RE-REFERS this matter to Magistrate Judge Roberts for further proceedings.

ENTERED this 20th day of February, 2008.

LEE R. WEST
UNITED STATES DISTRICT JUDGE