IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAHIB QUIETMAN HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-1174-W |
| ) | |
| JUSTIN JONES, et al., ) | |
| ) | |
| Defendants. ) | |

## THIRD REPORT AND RECOMMENDATION

### Motion to Amend - Connie Elam

Plaintiff seeks to amend his complaint to add Connie Elam – in her official and individual capacities – as a defendant in this action; Ms. Elam is identified as the Court Clerk of Stephens County [Doc. No. 39]. Plaintiff asserts that Ms. Elam deprived Plaintiff "of materials necessary to afford reasonable access to the courts." *Id.* at 1. Specifically, Plaintiff maintains that Ms. Elam refused to comply with two orders by the Oklahoma Court of Criminal Appeals directing her to forward to Plaintiff a copy of the record in connection with two of Plaintiff's applications for post-conviction relief. *Id.* at 1 - 2.

Plaintiff contends that "[t]he failure of Connie Elam to provide the necessary materials to afford reasonable access to the courts and to follow apellate [sic] procedure as warranted by due process" hindered his "efforts to pursue legal claim" and resulted in his pursuit of non-meritorious claims as well as in his placement "in the registry of prisoners having cases dismissed as frivolous, malicious or failing to state a claim, maintained by Oklahoma court administrator." *Id.* at 2. Plaintiff seeks injunctive relief, identifying the specific materials of which he was allegedly deprived as "a copy of the pre-trial motions and jury instructions" and requesting that those documents be

forwarded to him and "that a complete copy of the trial record be made available for appellate review." *Id.* at 2 - 3. Plaintiff also seeks actual damages for the emotional and mental distress he suffered in his five year effort to obtain copies of the pre-trial motions and jury instructions, for the embarrassment and humiliation of being placed on the registry of prisoners who file frivolous claims, and for the delay of his appeal. *Id.* at 3. Punitive damages are also claimed. *Id.*

In his original complaint, Plaintiff makes reference to his attempts to obtain copies of these same pre-trial motions and jury instructions during the course of his post conviction relief efforts. He maintains that he filed "three 'petitions for writs of mandamus' in effort to obtain pre trial motions and jury instructions[.]" [Doc. No. 1, sequential p. 9].[1] As is reflected on the publically accessible Oklahoma State Courts Network, available at http://www.odcr.com/, Plaintiff filed Petitions for Writ of Mandamus in the case styled *State v. Henderson*, No. CF-01-29 (Stephens Co. Dist. Ct.) on three occasions: August 29, 2006, September 5, 2006, and January 22, 2007; these Petitions were denied by Judge Joe Enos by orders filed on August 30, 2006, September 7, 2006, and February 21, 2007. A review of Oklahoma Court of Criminal Appeals docket index, available at http://www.oscn.net/applications/oscn/casesearch.asp, reveals that Plaintiff did not perfect appeals from the denials of these petitions and, consequently, these decisions by the state court are final.

To the extent that Plaintiff seeks injunctive relief against Ms. Elam to compel her

---

[1]Plaintiff specifically alleged that Judge Enos, District Judge of Stephens County, denied Plaintiff's motions seeking these pre-trial motions and jury instructions [Doc. No. 1, sequential p. 16].

to provide Plaintiff with the same pre-trial motions and jury instructions to which a state court has determined that Plaintiff was not entitled, the *Rooker-Feldman* doctrine precludes federal court intervention. Under this doctrine, federal district courts do not have the jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Corp.*, 544 U.S. 280, 284 (2005). By asking this court to order that he be furnished with the documents he is now seeking, Plaintiff is asking this court to overturn Judge Enos' final orders determining that Plaintiff had no entitlement to these same pre-trial motions and instructions. By the same token and as to Plaintiff's request for damages, in order to grant Plaintiff's requested relief this court would have to necessarily reject the state court's conclusion that Plaintiff had no right to receive the documents he claims would have altered the course of his appellate strategy.

Under the *Rooker-Feldman* doctrine the court lacks jurisdiction to provide the relief requested by Plaintiff and, thus, amendment of Plaintiff's claims to include Ms. Elam as a defendant would be futile. Accordingly, it is recommended that Plaintiff's motion to amend to assert a claim against Connie Elam be denied [Doc. No. 39].

### Motion to Amend - Oklahoma Department of Corrections

Plaintiff further seeks to amend his complaint to name the Oklahoma Department of Corrections ("ODOC") as a defendant [Doc. No. 45]. Such an amendment would be futile, however, due to ODOC's immunity under the Eleventh Amendment to the United

3

States Constitution.

Pursuant to Eleventh Amendment sovereign immunity, a federal court is proscribed from determining lawsuits against states brought by their own citizens without their consent. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). This rule is equally applicable to a state agency – such as ODOC – functioning as an arm of the state. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977). With respect to any consent or waiver of this immunity, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court, *see* Okla. Stat. tit. 51, § 152.1, and Congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan* 440 U.S. 332, 345 (1979).

Because Plaintiff's claim against ODOC would be barred as a matter of law, it is recommended that Plaintiff's motion to amend his complaint to add ODOC as a defendant be denied.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, it is recommended that Plaintiff's motions to amend his complaint to add Connie Elam [Doc. No. 39] and the Oklahoma Department of Corrections [Doc. No. 45] as defendants be denied.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 30th day of April, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1(a). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir.

1991).

This Report and Recommendation only partially disposes of the issues referred to the undersigned Magistrate Judge.

IT IS SO ORDERED this 10th day of April, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE