## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

SAHIB QUIETMAN HENDERSON,　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff,　)
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)　　　**Case No. CIV-07-1174-W**
　　　　　　　　　　　　　　　　　)
JUSTIN JONES, et al.,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　)

## FIFTH REPORT AND RECOMMENDATION

### Plaintiff's Motion for Summary Judgment

Plaintiff has filed a second motion for summary judgment [Doc. No. 84][1] to which the undersigned has permitted [Doc. No. 91] two amendments [Doc. Nos. 89 and 87] allowing additional factual statements as well as the attachment and reference to certain exhibits in support of Plaintiff's motion.  Defendants have failed to respond to Plaintiff's motion and, accordingly, "[a]ll material facts set forth in the statement of material facts of the movant may be deemed admitted for the purpose of summary judgment . . . ."  LCvR56.1(c).

The majority of Plaintiff's undisputed "facts" are actually legal conclusions or are unsupported by references to the record as required by local rule.  *See id.* at (b).  As to his exhaustion efforts, for example, Plaintiff has provided no evidence that the Oklahoma Department of Correction's grievance policy was not utilized at the Davis Correctional Facility and that he exhausted all "available" administrative remedies by submitting requests

---

[1]Plaintiff's initial summary judgment motion [Doc. No. 75] was stricken by the undersigned due to Plaintiff's failure to comply with  local court rules [Doc. No. 76].

to staff and grievances [Doc. No. 84, p. 2].  While claiming that there was "a different path," *id.,* in place at Davis to effect an appeal of a grievance denial, Plaintiff does not establish, or assert, that he complied with this procedure in order to fully exhaust his administrative remedies.  With respect to the merits of his claim – that he was denied access to the courts as a result of the Davis Correctional Facility's use of a contract attorney in lieu of a law library – Plaintiff has submitted only a citation to a vacated decision[2] by the United States District Court for the Northern District of Iowa to establish that the use by the Davis facility of attorney Don Pope, was "inadequate to meet the constitutional standard of adequate legal assistance." [Doc. No.87, p. 2 (Plaintiff's punctuation omitted)].

Because "the pleadings, the discovery and disclosure materials on file, and any affidavits" in this matter fail to show the absence of a genuine issue of material fact and that Plaintiff is entitled to judgment as a matter of law, *see* Fed. R. Civ. P. 56(c), the undersigned recommends that Plaintiff's motion for summary judgment [Doc. No. 84], as amended, be denied.

**Motion to Amend - Joe Enos**

As the undersigned understands Plaintiff's most recent effort[3] to include Judge Joe Enos as a Defendant in this matter [Doc. No. 86], Plaintiff is now asserting that Judge Enos must be joined a party Defendant pursuant to Fed. R. Civ. P. 19 for the reason that, in his

---

[2]*See White v. Kautzky,* 494 F.3d 677 (8th Cir. 2007).

[3]Joe Enos's absolute judicial immunity has previously been established [Doc. Nos. 15, 28, 33, and 40].

absence, Plaintiff will not have an adequate remedy.  Plaintiff maintains that this remedy is a hearing in his 2001 Stephens County criminal case.  *Id.* at 1.

Plaintiff has failed to establish that in the absence of Joe Enos as a party Defendant, this "court cannot accord complete relief among" Plaintiff and the Defendant Department of Corrections officials.  *See* Fed. R. Civ. P. 19(a)(1)(A).  Nor has he established that Joe Enos claims an interest relating to this action such that if this action is disposed of in his absence he would be unable to protect that interest, *id.* at (a)(1)(B)(i), or that the current parties would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  *Id.* at (a)(1)(B)(ii).  Accordingly, it is recommended that Plaintiff's motion to amend [Doc. No. 86] to join Joe Enos as a Defendant in this matter be denied.

## Plaintiff's Motion to Amend - Stephens County

As with Joe Enos and pursuant to Fed. R. Civ. P. 19, Plaintiff seeks to amend his complaint to join Stephens County, claiming that it "is a necessary party to this cause to prove motive, intent, preparation, plan, knowledge and absence of mistake or accident." [Doc. No. 85, p. 1].  In addition, Plaintiff maintains that Stephens County prosecutors acted "to prevent the constitutionally protected conduct of receiving damages and stop the prosecution of issues in civil complaint, Civ-01-989 (W.D. of Okla.)."  *Id.*[4]  Plaintiff recites

---

[4]The undersigned takes notice of the records of this court which reveal that all claims in this matter – *Henderson v. United States, et al,* CIV-01-989-W – were dismissed effective November 8, 2001.

that the prosecutors' actions occurred "on or about 17 January 2001." [Doc. No. 85, p. 2].

As with Joe Enos, Plaintiff has failed to establish that Stephens County is required to be joined in this matter pursuant to Fed. R. Civ. P. 19(a)(1). Moreover, among multiple legal infirmities inherent in Plaintiff's amendment request, the statute of limitations bars the addition of Stephens County as a party in this matter, a defect which cannot be cured through further pleading. The limitations period for a civil rights action is governed by the forum state's law pertaining to personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 276 - 80 (1985). In Oklahoma, that limitations period is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). The question of when a federal action accrues is governed by federal law. *See Baker v. Bd. of Regents,* 991 F.2d 628, 632 (10th Cir. 1993). Under federal law, "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* Here, Plaintiff's injury which forms the basis of his action allegedly occurred on January 17, 2001, when a Stephens County prosecutor gave information pertaining to a November 28, 2000, drug transaction involving Plaintiff [Doc. No. 1, Exhibit N; Doc. No. 85, p. 2].[5] It was on January 17, 2001 when, according to Plaintiff, "the prosecutor in Stephen's County did . . . certify the events of November 28, 2000 as a controlled buy and probable cause conspiring to confine the Plaintiff, to effect the denial of access to the courts, the due process and equal protection of the law, to stop the

---

[5]The undersigned takes further notice of the records of this court – dated November 21, 2003 – which detail the drug transaction described by Plaintiff in his amendment request. *See Henderson v. Ray,* CIV-03-1320-M, Doc. No. 15, pp. 3 - 11.

Plaintiff's ability to prosecute and receive damages as to issues in CIV- 01-989-W. . . ." [Doc. No. 85, p. 6 (Plaintiff's punctuation omitted)]. Consequently, Plaintiff had two years from January 17, 2001, or until January 17, 2003, in which to file his civil rights claim against Stephens County. Because the action which Plaintiff seeks to amend was not filed until October 18, 2007, [Doc. No. 1], Plaintiff's claim against Stephens County is time-barred, and the denial of Plaintiff's motion to amend [Doc. No. 85] is recommended.

**Motion to Amend Cause of Action, Venue and Jurisdiction**

Here, Plaintiff seeks to amend his complaint to include as requested relief that Joe Enos be ordered to hold a hearing with regard to Plaintiff's criminal conviction [Doc. No. 88, p. 4]. In light of the undersigned's recommendation that Plaintiff's motion to join Joe Enos as a party Defendant be denied, it is likewise recommended that Plaintiff's motion to amend [Doc. No. 88] his complaint with regard to a hearing by Joe Enos be denied.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

It is the recommendation of the undersigned Magistrate Judge that Plaintiff's motion for summary judgment [Doc. No. 84], as amended [Doc. Nos. 89 and 87], be denied. It is further recommended that Plaintiff's motion to amend [Doc. 88] with regard to a hearing by Joe Enos be denied along with Plaintiff's motions to amend to join Joe Enos [Doc. No. 86] and Stephens County [Doc. No. 85].

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by the 27th day of January, 2009 in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure

5

to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

IT IS SO ORDERED this 7th day of January, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE