IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 23 2009
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY_____ DEPUTY

| | |
|---|---|
| SAHIB QUIETMAN HENDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. CIV-07-1174-W ) |
| JUSTIN JONES et al., | ) ) |
| Defendants. | ) |

### ORDER

On August 21, 2009, United States Magistrate Judge Bana Roberts issued the Sixth Report and Recommendation in this matter and recommended that the Court grant the Motion for Summary Judgment filed pursuant to Rule 56, F.R.Civ.P., by defendants Justin Jones, Ed Evans and Ron Ward. Magistrate Judge Roberts also set forth in the Sixth Report and Recommendation various findings and recommendations with regard to certain pending motions filed by plaintiff Sahib Quietman Henderson, proceeding pro se.

The parties were advised of their right to object, and the matter now comes before the Court on Henderson's Motion for Declaratory Judgment [Doc. 127], Motion for Placement on the Next Trial Docket [Doc. 127], Motion for Appointment of Counsel [Doc. 127], Motion for Order of Admission [Doc. 127], Motion for Relief From Judgment [Doc. 128], Motion for Reconsideration [Doc. 128] and Motion to Amend or Make Additional Findings [Doc. 128] as well as Henderson's Objection to the Magistrate's Sixth Report and Recommendation [Doc. 134], his Motion for Leave of Court to Amend [Doc. 134], Motion for Placement on the Next Trial Docket [Doc. 134] and Motion for the Appointment of Counsel [Doc. 134].

Upon de novo review of the record, the Court concurs with Magistrate Judge Roberts' suggested disposition of the motions that were referred to her, and in that connection, and ORDERS that the Sixth Report and Recommendation [Doc. 129] issued on August 21, 2009, should be and is hereby ADOPTED.

The Court further ORDERS as follows not only with regard to those motions decided by Magistrate Judge Roberts, but also with regard to those motions that Magistrate Judge Roberts did not have, or has not had, the opportunity to consider:

(1) The Motion for Summary Judgment [Doc. 106] filed on March 2, 2009, by Jones, Evans and Ward is GRANTED.[1] The foregoing defendants are each a current or former director of the Oklahoma Department of Corrections ("DOC"), and they have been charged by Henderson with implementing policies with regard to inmates' access to the courts[2] that have denied him certain constitutional rights in violation of title 42, section 1983 of the United States Code.[3]

---

[1]Henderson has complained that consideration of the defendants' Motion for Summary Judgment is inappropriate because he was not given the opportunity to conduct discovery. Discovery and summary judgment are separate procedures; the completion of discovery, or the opportunity to engage in discovery, is not in all circumstances a precondition to ruling on a motion for summary judgment.
  The disposition of the liability of these defendants in their official capacities involves issues on which discovery is not necessary; and, the disposition of the liability of these defendants in their individual capacities may be determined based upon the instant record.

[2]In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court addressed a challenge by state prisoners that a state's failure to provide them with adequate legal library facilities denied them reasonable access to the courts and equal protection guaranteed by the first and fourteenth amendments to the United States Constitution. The Supreme Court found that it was "established beyond doubt that prisoners have a constitutional right of access to the courts," id. at 821, and that prison policies must "insure that inmate access to the courts is adequate, effective and meaningful." Id. at 822.

[3]Henderson has contended that the defendants' unconstitutional policies inter alia prevented him from refiling a civil action, deprived him of the ability to "functionally litigate" and challenge his criminal conviction and resulted in his placement on a registry of prisoners who have pursued

Davis Correctional Facility ("DCF"), where Henderson was incarcerated at all times relevant to this action, is a private prison, and Henderson's complaint is grounded on his allegations that the defendants' policies do not require private prisons to provide constitutionally adequate access to the courts. Henderson has contended that DCF lacks a law library and does not provide either law clerks or adequate legal resources–forms of legal assistance that are available to prisoners housed in state-run facilities.

Henderson has argued in particular that the DOC policies implemented by Jones, Evans and Ward require that "inmate[s] at a private prison . . . use the resources provided by the private facility," OP–030115(I)(B)(1), and that the "'mail-order' contract attorney,"[4] Complaint at 5, Don G. Pope and his firm, Don G. Pope and Associates, provided by DCF is constitutionally inadequate.

---

frivolous lawsuits. Complaint at 5.

[4] In an effort to comply with the inmates' constitutional right to access to the courts, DCF has made available the services of Don G. Pope and his firm, Don G. Pope and Associates. The Inmate Handbook published by Corrections Corporation of America, the owner and operator of DCF, advises inmates that such services

> are limited to issues related to . . . [the inmates'] criminal conviction[s] or conditions of confinement. . . . The attorneys do not enter an appearance in court or activ[ely] represent inmates: rather they assist inmates in preparing documents for their own pro se representation. Services include provision of case law, statu[t]es or other legal materials and forms as requested. . . . The attorney will also assist in drafting of pleading[s] as needed. . . .
>
> To obtain assistance from the attorney, [an inmate] . . . must first complete Form 14-8A, [Confidential] Request for Attorney Conference. The form . . . [is] mailed free of charge to the attorney. The attorney will determine if . . . [the inmate's] concern can be handled without talking to . . . [the inmate]. If so, the attorney . . . provide[s] . . . [the inmate] with a written response so that . . . [the inmate] will know what has been done on [his or her] . . . behalf. If [the attorney] . . . needs to talk with [the inmate] . . . for more details, a conference will be arranged.

To the extent that Henderson has sought money damages from Ward, Evans and Jones in their official capacities, the Court FINDS, absent an express waiver of sovereign immunity or Congressional abrogation of the same, that Henderson's claims are barred by the eleventh amendment to the United States Constitution, e.g., White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1996), and are hereby DISMISSED without prejudice.

The eleventh amendment does not however bar Henderson's claims seeking prospective equitable relief[5] against these defendants in their official capacities. E.g., id. Nevertheless, such claims have been rendered moot by Henderson's transfer from DCF to Dick Conner Correctional Center in July 2007. Because Henderson is no longer subject to the constitutional deprivations about which he has complained, the Court FINDS Henderson's claims for equitable relief against Ward, Jones and Evans in their official capacities, which have become moot by his transfer, e.g., Green v. Branson, 108 F.3d 1296, 1299-1300 (10th Cir. 1997); Love v. Summit County, 776 F.2d 908, 910 n.4 (10th Cir. 1985)(prison transfer moots claims for injunctive relief), are likewise DISMISSED without prejudice.

To the extent that Henderson has sought relief, monetary or otherwise, from Ward, Jones and Evans in their individual capacities, the Court FINDS these defendants are entitled to judgment as a matter of law. Because case law requires that "[i]ndividual liability under [section] 1983 . . . be based on personal involvement in the alleged constitutional violation," Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)(citation omitted), a

---

[5]Henderson has sought an order from the Court "directing Davis Correctional Facility to comply with standard set by the 'state institutions' as required by the First and Fourteenth Amendment[s]." Complaint at 19.

plaintiff must show an affirmative link between the individual defendant's conduct and any constitutional violation. E.g., Poolaw v. Marcantel, 565 F.3d 721, 732 (10th Cir. 2009). "That showing . . . is made with 'deliberate, intentional act[s]' that 'caused or contributed to the . . . violation.'" Id. (quoting Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996) (other quotation omitted)). The "'direct participation [of Jones, Evans or Ward, however,] is not necessary.'" Id. (quoting Snell v. Tunnell, 920 F.2d 673 , 700 (10th Cir. 1990)(other quotation and citation omitted). Rather,

> "[a]ny official who 'causes' a citizen to be deprived of . . . [his] constitutional rights can also be held liable. The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of . . . [his] constitutional rights."

Id. at 732-33 (quoting Snell, 920 F.2d at 700)(other quotation and citation omitted).

DOC has implemented policies pertaining to inmates' access to the courts. DOC policy mandates that "[p]rivate prisons will provide access to courts in accordance with their contract with DOC," OP-30115(VIII), and, as Henderson has alleged, it requires that "inmate[s] at a private prison must use the resources provided by the private facility." OP–030115(I)(B)(1)

In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court found that "to insure that inmate access to the courts is adequate, effective and meaningful," id. at 822, prison authorities are required "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828 (footnote omitted). Therefore, while DCF may not have met the access to the court requirement in the manner in which Henderson may have preferred–a law library or available law clerks, DCF's decision to

5

permit inmates to be assisted by "persons trained in the law," id., namely, Pope and his law firm, does not violate Bounds and is not unconstitutional.

Because Henderson has made no showing that any DOC policy implemented by either Jones, Ward or Evans–as Magistrate Judge Roberts noted, "the only way in which these [d]efendants personally participated in the events of which . . . [Henderson] complains," Sixth Report and Recommendation at 13 (emphasis deleted), violated Henderson's right of access to the courts, the Court FINDS Henderson's failure to do so entitles these defendants to summary judgment in their individual capacities.

The defendants in their individual capacities have also contended that they are entitled to summary judgment because Henderson has failed to show actual injury. In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court found that an inmate who has alleged "a violation of Bounds must show actual injury . . . ." Id. at 349. The Supreme Court further found that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351. Rather, "the inmate . . . must go one step further and demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." Id. In this connection, "the injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. "The tools [that Bounds] required to be provided [to inmates] are those that the inmates need in order to attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement. Impairment of any other litigating capacity is imply one of the incident (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.

In her Sixth Report and Recommendation, Magistrate Judge Roberts provided a careful and detailed recitation of Henderson's claims of actual injury and, based upon her findings, she recommended that this Court hold that Henderson has not established actual injury. The Court finds it need not repeat Henderson's contentions and allegations in the instant Order. It is clear from the record that Magistrate Judge Roberts is correct in suggesting that Henderson has only speculated that his lack of access to a law library and inmate legal assistants hindered his ability to properly litigate his direct appeal, his petition for habeas corpus and his post-conviction applications. Conjecture at this stage is insufficient, and the Court finds that Henderson has not demonstrated that any inadequacy in DCF's legal assistance program, which utilizes the services of Pope and his law firm, prevented Henderson from challenging his conviction, directly or collaterally, or any conditions of his confinement, or unconstitutionally hindered his ability to do so. Because Henderson has not established actual injury, the Court FINDS that the defendants as they have requested are entitled to summary judgment.

The defendants in their individual capacities have also argued that they are qualifiedly immune from suit. Since they have raised this affirmative defense, the burden rests with Henderson to show that the defendants' actions fall outside the scope of immunity. E.g., Weigel v. Broad, 544 F.3d 1143, 1151 (10th Cir. 2008). Although the two-step sequence for resolving the defendants' entitlement to qualified immunity set forth in Saucier v. Katz, 533 U.S. 194 (2001), is no longer "regarded as mandatory in all cases," Pearson v. Callahan, 129 S. Ct. 808, 818 (2009), the Court has employed Saucier's protocol in this case.

Accordingly, the Court has first considered whether the facts taken in the light most favorable to Henderson show that these defendants' conduct violated a constitutional right. E.g., 533 U.S. at 201. If Henderson has made the necessary showing, the Court will then consider whether that right was clearly established at the time of these defendants' alleged misconduct. Id.

As stated, the Court has determined that these defendants did not commit any constitutional violation by their implementation, during their tenure as DOC director, of policies regarding private prisons and access to the courts. Therefore, the Court FINDS that Jones, Ward and Evans in their individual capacities are entitled to qualified immunity.[6]

(2) Henderson's Motion for Order Compelling Discovery for Inspection and Admission [Doc. 101] file-stamped February 6, 2009, is DENIED and Magistrate Judge Roberts' Order [Doc. 104], wherein she found that Henderson had failed to demonstrate any request to the defendants for the production and inspection of documents and had likewise failed to comply with Rule 37(a)(1), F.R.Civ.P., is AFFIRMED.

(3) Henderson's Motion to Amend Complaint [Doc. 110] file-stamped March 19, 2009, is GRANTED as to his allegations regarding denial of access to the courts since such allegations were considered by Magistrate Judge Roberts in her Sixth Report and Recommendation.

(4) Henderson's Motion to Strike Defendants' Motion for Summary Judgment [Doc. 115], Motion for Order to Compel Discovery [Doc. 115], Motion for Leave of Court to

---

[6]Because Henderson has not met his burden with regard to the first prong of the qualified immunity analysis, the Court has not considered the second prong.

Exceed Limit of Admissions [Doc. 115] and Motion for Admissions [Doc. 115] file-stamped May 14, 2009, are DENIED for failure to comply with applicable procedural rules. E.g., Kay v. Bemis, 500 F.3d 12, 1218 (10th Cir. 2007).

(5) Henderson's Motion for Extension of Time [Doc. 116] file-stamped May 19, 2009, wherein Henderson sought additional time to resubmit certain evidence, is MOOT since such evidence was submitted in a later paper filed by Henderson and such evidence was considered by Magistrate Judge Roberts in her Sixth Report and Recommendation.

(6) Henderson's Motion to Amend [Doc. 117] file-stamped May 20, 2009, is GRANTED and, as stated, was considered by Magistrate Judge Roberts in her Sixth Report and Recommendation.

(7) Henderson's Request [Doc. 118] file-stamped May 20, 2009, is DENIED.

(8) Henderson's Motion for Declaratory Judgment [Doc. 120] file-stamped July 9, 2009, is DENIED since Magistrate Judge Roberts has determined, and this Court has agreed, that Henderson is not entitled to any relief in this matter.

(9) Henderson's Motion for an Order Affecting Service [Doc. 121] file-stamped July 27, 2009, is DENIED as MOOT. See Doc. 122.

(10) Henderson's Motion for Ruling on the Pleadings [Doc. 122] file-stamped July 29, 2009, is DENIED as MOOT since all issues have now been resolved in this matter.

(11) Henderson's Motion for Status of the Case [Doc. 123] file-stamped August 7, 2009, is deemed MOOT.

(12) Henderson's request to the Clerk of the Court to take certain action, which document was docketed as a "Motion for Order" by the Clerk, see Doc. 124 (August 11, 2009), is DENIED.

(13) Henderson's Third Motion for the Appointment of Counsel [Doc. 125] file-stamped August 18, 2009, wherein Henderson has asserted various reasons why legal representation would assist him in this matter, is DENIED. In determining whether Henderson is entitled to the appointment of counsel, the Court has considered in addition to Henderson's financial ability, (1) the merits of Henderson's claims against Evans, Ward and Jones, (2) the nature of the factual issues raised in, and the complexity of the legal issues presented by, these claims and (3) Henderson's ability to investigate the crucial facts. E.g., Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995); McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).

As evidenced by the many papers and the exhibits thereto that Henderson has filed, Henderson appears capable of preparing and presenting his case in a coherent manner. The issues are not particularly complex, and Henderson has not demonstrated any unique circumstances that warrant the appointment of counsel in this case.

(14) Henderson's Motion for an Extension of Time [Doc. 126] file-stamped August 19, 2009, is DENIED.

(15) Henderson's Motion for Declaratory Judgment [Doc. 127], Motion for Placement on the Next Trial Docket [Doc. 127], Motion for Appointment of Counsel [Doc. 127] and Motion for Order of Admission [Doc. 127] file-stamped August 20, 2009, are DENIED. The Court finds the arguments, authorities and accusations set forth by Henderson in this document either have already been addressed by Magistrate Judge Roberts and/or the Court or are without merit and provide no basis for any relief at this stage of the litigation.

(16) Henderson's Motion for Relief From Judgment [Doc. 128], Motion for Reconsideration [Doc. 128] and Motion to Amend or Make Additional Findings [Doc. 128]

file-stamped August 20, 2009, are DENIED. In this document, Henderson has challenged both Magistrate Judge Robert's Fifth Report and Recommendation issued on January 7, 2009, wherein she denied Henderson's Motion for Summary Judgment, as amended, and this Court's adoption of the Fifth Report and Recommendation on February 10, 2009. Henderson, relying on Rules 52(b), 59(e), and 60(b), F.R.Civ.P., has advanced no grounds that warrant amendment of any findings of the Magistrate Judge in her Fifth Report and Recommendation or the Court in its Order or reconsideration of the matters addressed in those documents.

(17) Henderson's Motion for Leave of Court to Amend [Doc. 134], Motion for Placement on the Next Trial Docket [Doc. 134] and Motion for the Appointment of Counsel [Doc. 134] file-stamped September 29, 2009, are DENIED.

(18) All other motions filed by Henderson not herein specifically addressed are DENIED.

(19) All issues between all parties having now been resolved, the Court ORDERS that judgment shall issue forthwith in favor of the defendants and against Henderson so that he takes nothing by way of his claims in this matter.

ENTERED this 23rd day of October, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE